■ MCM DEVELOPMENT CORPORATION, Plaintiff, v BERGEN COVE DEVELOPMENT CORP., Respondent. (Action No. 1.) MCM DEVELOPMENT CORPORATION, Plaintiff, v GEORGE MASSAUA, Defendant. (Action No. 2.) DAVID A. GOLDSTEIN, Nonparty Appellant; BERGEN COVE REALTY, INC., et al., Nonparty Respondents. [670 NYS2d 533] —In related actions, *inter alia,* to impose a constructive trust on certain real property, nonparty David A. Goldstein appeals from an order of the Supreme Court, Kings County (Levine, J.), dated September 4, 1996, which denied his application to enforce a settlement agreement and his attorney's charging lien.

Ordered that the order is affirmed, with costs.

The nonparty appellant, David A. Goldstein, represented MCM Development Corporation (hereinafter MCM), in these actions involving the development of property for a residential condominium project. In 1988 a settlement agreement was entered into by which, *inter alia,* MCM was to be paid if and when condominium units were sold. In a so-ordered stipulation of discontinuance, the Supreme Court retained jurisdiction "for all purposes relating to the enforcement" of the settlement agreement. Pursuant to his retainer agreement with MCM, Goldstein's fees were tied to payments made to MCM under the settlement agreement.

In 1994 and 1995, title to certain portions of the property were transferred by the defendant in Action No. 1, Bergen Cove Development Corp., to its successor realty corporation. In a 1996 written agreement, the parties to the 1988 settlement agreement set forth their conclusion that such transfers were not events that triggered payment to MCM under the terms of the 1988 settlement agreement.

In his application, Goldstein contended, among other things, that the transfers made in 1994 and 1995 triggered payment to the plaintiff pursuant to the 1988 settlement agreement, and, consequently, payment to him, and that such payments were not made. The Supreme Court denied the application, and we affirm.

Based on the record presented, the Supreme Court did not err in determining that the transfers made in 1994 and 1995 did not violate the 1988 settlement agreement or trigger the plaintiff's right to payment thereunder. Resolution of this threshold issue is dispositive of Goldstein's remaining claims. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.